UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

816 ELYSIAN FIELDS LLC                          CIVIL ACTION

VERSUS                                          No. 22-4290

UNITED PROPERTY & CASUALTY                      SECTION: "J"(1)
INSURANCE COMPANY

## ORDER & REASONS

Before the Court is Plaintiff's *Ex Parte Motion for Reconsideration* **(Rec. Doc. 13)**. Having considered the motion and legal memorandum, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff, 816 Elysian Fields, LLC filed suit against its insurer, United Property & Casualty Insurance Company ("UPC"), in the Civil District for the Parish of Orleans, State of Louisiana for claims arising out of Hurricane Ida. On October 28, 2022, UPC removed the action to this Court. (Rec. Doc. 1). Because this is a Hurricane Ida case, these proceedings are governed by the case management order which stayed all further proceedings until the parties comply with the requirements of the Streamlined Settlement Program. (Rec. Docs. 5, 6). Upon a motion from UPC, this Court entered a second stay in this matter due to UPC's insolvency. (Rec. Doc. 10). The Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida entered a Consent Order appointing the Florida Department of Financial Services, Division of Rehabilitation and Liquidation as Receiver of UPC for the purposes of liquidation, injunction, and notice of automatic stay. (Rec. Doc. 9, at 1). Louisiana

1

Revied Statute 22:2068(A) requires a stay of any action in which an insolvent insurer is a party for a period of six months. This stay elapsed on August 28, 2023. (Rec. Doc. 10).

On September 20, 2023, Plaintiff moved to substitute Defendant, UPC with the Louisiana Insurance Guaranty Association ("LIGA"). Plaintiff stated that "LIGA is the statutory successor in interest to [UPC] for certain statutorily delineated covered claims . . . and, accordingly, is now the proper Defendant in this matter." (Rec. Doc. 11, at 1). Plaintiff argued that LIGA's legal obligation to pay covered claims arising from UPC's insolvency constituted a transfer of interest necessitating substitution of LIGA in place of UPC. *Id.* at 2. Plaintiff also argued that such substitution would not destroy subject matter jurisdiction in this case even though both Plaintiff and LIGA are citizens of Louisiana because subject matter jurisdiction existed at the time of removal between the original parties. *Id.* This Court denied Plaintiff's motion to substitute and instead granted Plaintiff leave to amend its complaint to add LIGA as a Defendant. (Rec. Doc. 12). Plaintiff has now filed a motion for reconsideration of the order denying substitution, arguing that substituting LIGA would be more efficient because this Court could retain jurisdiction. (Rec. Doc. 13).

## DISCUSSION

Rule 25 of the Federal Rules of Civil Procedure governs motions to substitute, and it presents four circumstances in which substitution is proper: (a) death,

(b) incompetency, (c) transfer of interest, and (d) change in public officers sued in their official capacity.  Plaintiff argues that LIGA should be substituted for the insolvent insurer as a "transfer of interest", under Rule 25 (c), which provides:

> "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."

The question before the Court is whether the interests of the insolvent insurer, UPC, have been "transferred" to LIGA, as a statutory guaranty organization.

Plaintiff argues that substitution is proper because it would allow the Court to maintain diversity jurisdiction over the case. In support, Plaintiff cites *Ransom v. Brennan*, a Fifth Circuit case in which the court held that "subject matter jurisdiction, once it validly exists among the original parties, remains intact after substitution." 437 F.2d 513, 516 (5th Cir. 1971). However, *Ransom* dealt with substitution under Rule 25(a) which governs substitution after a party's death. Therefore, *Ransom* is inapplicable to the case at hand which is based on Rule 25(c).

Courts frequently—but incorrectly—refer to LIGA as the legal successor of insolvent insurers. *See Tyburczy v. Graham*, No. 91-1978, 1994 WL 150724 at *3 (E.D. La. March 30, 1994) ("When an insurer . . . becomes insolvent, it ceases to exist, and the liquidator or receiver becomes its legal successor, not LIGA."). *See also* Stephanie B. Laborde et al., *The DEF's of LIGA: An Update to the ABC's of LIGA*, 77 La. L. Rev. 997, 1001 (2017). LIGA does not step into the shoes of the insolvent insurer. Instead, when an insurer becomes insolvent, it is the liquidator or

receiver who becomes that entity's legal successor. *See* La. Code Civ. P. art. 740 ("Except as otherwise provided by law, the receiver or liquidator of a domestic or foreign corporation . . . is the proper defendant in an action to enforce an obligation of the corporation . . ."). The liquidator or receiver is responsible for all rights or obligations of the insolvent insurer, while LIGA is merely obligated to pay "covered claims" as defined by statute. La. R.S. § 22:2055(6). LIGA's independent, statutorily-defined role does not carry the "broad consequences of the 'stepping into the shoes' characterization," and no actual obligations or rights are transferred from the insolvent insurer to LIGA. Laborde et al., 77 La. L. Rev. 1002. Thus, there is no "transfer of interest" as contemplated by Rule 25(c) which would allow for substitution. *See McDonald et al v. United Property & Casualty Insurance Company*, No. 22-3757, Rec. Doc. 13 (E.D. La. Oct. 4, 2023) (denying motion for reconsideration on nearly identical grounds).

The Court is not persuaded by Plaintiff's argument that substitution of LIGA is preferable because it will allow this Court to retain jurisdiction and "provide a more expeditious resolution of this case." (Rec. Doc. 13, at 1). Plaintiff originally filed this case in state court and is equally able to pursue its claims against LIGA in the same state court. Plaintiff will also not face any prescriptive barrier in doing so. *See* La. R.S. § 22:2058(A)(1)(c)(i) (providing that covered claims may be filed within the earlier of five years of the liquidation order or the final date set by the domiciliary court). Although Plaintiff may wish to litigate this case in federal court and utilize

the Streamlined Settlement Program established in the wake of Hurricane Ida, that is not a sufficient reason to ignore Rule 25's limits on substitution.

## **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's *Ex Parte Motion for Reconsideration* **(Rec. Doc. 13)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's deadline to file an amended complaint adding LIGA as a Defendant is extended to **October 20, 2023.**[1]

New Orleans, Louisiana, this 4th day of October, 2023.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] *See* this Court's order denying substitution and granting Plaintiff leave to amend its complaint. (Rec. Doc. 12). *See also Walmsley v. United Property and Casualty Insurance Company*, No. 22-2697, Rec. Doc. 19 (E.D. La. Sept. 29, 2023) (finding that remand is proper when LIGA is added as a defendant, thus destroying diversity).